O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE CORRALES, | NO. CV 12-07480-MAN |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security, | AND ORDER |
| Defendant. | |

Plaintiff filed a Complaint on September 7, 2012, seeking review of the denial of plaintiff's application for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). On October 15, 2012, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. The parties filed a Joint Stipulation on September 6, 2013, in which:  plaintiff seeks an order reversing the Commissioner's decision and remanding this case for the payment of benefits or, alternatively, for further administrative proceedings; and the Commissioner requests that her decision be affirmed or, alternatively, remanded for further administrative proceedings. The Court has taken the parties' Joint Stipulation under submission without oral argument.

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013, and is substituted in place of former Commissioner Michael J. Astrue as the defendant in this action.  (*See* Fed. R. Civ. P. 25(d).)

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

On March 31, 2009, plaintiff filed an application for SSI. (Administrative Record ("A.R.") 26.) On April 6, 2009, plaintiff filed an application for a period of disability and DIB. (*Id.*) Plaintiff, who was born on March 4, 1971 (A.R. 32),[2] claims to have been disabled since June 1, 2008 (A.R. 26), due to depression, insomnia, recurring kidney stones, and high blood pressure (A.R. 73, 78).

After the Commissioner denied plaintiff's claim initially and upon reconsideration, plaintiff requested a hearing. (A.R. 26.) On November 16, 2010, plaintiff, who was represented by counsel, appeared and testified at a hearing before Administrative Law Judge Zane A. Lang (the "ALJ"). (*Id.*) Vocational expert June C. Hagen also testified. (*Id.*) On December 13, 2010, the ALJ denied plaintiff's claim (A.R. 26-34), and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision (A.R. 1-6). That decision is now at issue in this action.

**SUMMARY OF ADMINISTRATIVE DECISION**

The ALJ found that plaintiff met the insured status requirements of the Social Security Act through March 31, 2012, and "has not engaged in substantial gainful activity since June 1, 2008, the alleged onset date." (A.R. 28.) The ALJ determined that plaintiff has the severe impairment of "major depressive disorder." (*Id.*) The ALJ found plaintiff's alleged physical impairments, including her "kidney stones, back pain, appendicitis and obesity," to be nonsevere. (A.R. 28-29.) The ALJ concluded that plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926). (A.R. 29.)

---

[2] On the alleged disability onset date, plaintiff was 37 years old, which is defined as a younger individual. (A.R. 32; citing 20 C.F.R. §§ 404.1563, 416.963.)

After reviewing the record, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform "a full range of work at all exertional levels but with the following nonexertional limitations: limited to simple instructions and decisions, and no more than occasional contact with supervisors, coworkers and the public." (A.R. 30.) The ALJ further determined that plaintiff is unable to perform her past relevant work as a marker, receptionist, security guard, psychiatric aide, or cashier checker. (A.R. 32.) However, based upon plaintiff's RFC and after having considered plaintiff's age, education,[3] work experience, and the testimony of the vocational expert, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [plaintiff] can perform," including the jobs of "cleaner" and "washing machine loader and puller." (A.R. 23-33.) Accordingly, the ALJ concluded that plaintiff has not been under a disability, as defined in the Social Security Act, from June 1, 2008, through the date of his decision. (A.R. 33.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted). The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and

---

[3] The ALJ found that plaintiff "has at least a high school education and is able to communicate in English." (A.R. 32; citing 20 C.F.R. §§ 404.1564, 416.964.)

the evidence that detracts from the [Commissioner's] conclusion." <u>Desrosiers v. Sec'y of Health and Hum. Servs.</u>, 846 F.2d 573, 576 (9th Cir. 1988); *see also* <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." <u>Orn</u>, 495 F.3d at 630; *see also* <u>Connett</u>, 340 F.3d at 874. The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 885 (9th Cir. 2006)(quoting <u>Stout v. Comm'r</u>, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also* <u>Burch</u>, 400 F.3d at 679.

**DISCUSSION**

Plaintiff claims that the ALJ erred in rejecting: (1) the opinion of plaintiff's treating physician; and (2) plaintiff's subjective symptom testimony. (Joint Stipulation ("Joint Stip.") at 4-9, 15-25.)

**I.    The ALJ Failed To Set Forth Appropriate Reasons For Rejecting The Opinion Of Plaintiff's Treating Physician.**

It is the responsibility of the ALJ to analyze evidence and resolve conflicts in medical testimony. <u>Magallanes v. Bowen</u>, 881 F.2d 747, 750 (9th Cir. 1989). In the hierarchy of physician opinions considered in assessing a social security claim, "[g]enerally, a treating physician's opinion

4

carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); 20 C.F.R. §§ 404.1527(d), 416.927(d).

The opinions of treating physicians are entitled to the greatest weight, because the treating physician is hired to cure and has a better opportunity to observe the claimant. Magallanes, 881 F.2d at 751. When a treating physician's opinion is not contradicted by another physician, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). When contradicted by another doctor, a treating physician's opinion may only be rejected if the ALJ provides "specific and legitimate" reasons supported by substantial evidence in the record. *Id.*

On July 23, 2009, plaintiff's treating psychiatrist Ronnie Cummings, M.D. completed a Mental Residual Functional Capacity Questionnaire. (A.R. 272-77.) Dr. Cummings noted that he had been treating plaintiff since February 2009, and saw her every two months thereafter. (A.R. 272.) He diagnosed plaintiff with major depressive disorder. (*Id.*) Dr. Cummings noted that plaintiff has decreased energy, generalized persistent anxiety, persistent disturbances of mood or affect, and sleep disturbance. (A.R. 273-74.) He opined that, with respect to understanding and memory, plaintiff has: mild limitations in her ability to remember work and work-like procedures; mild limitations in her ability to understand very short and simple instructions; and marked limitations in her ability to understand and remember detailed instructions. (A.R. 275.) With respect to sustained concentration and persistence, Dr. Cummings opined that plaintiff has: moderate limitations in her ability to carry out very short and simple instructions; and marked limitations in her ability to carry out detailed instructions, maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances, sustain an ordinary routine without special supervision, work in coordination with or proximity to others without being distracted by them, make simple work-related decisions, complete a normal work-day and work-week without interruptions from

psychologically-based symptoms, and perform at a consistent pace without an unreasonable number and length of rest periods. (*Id.*) In terms of social interactions, Dr. Cummings opined that plaintiff has: mild limitations in her ability to interact appropriately with the general public, maintain socially appropriate behavior, and adhere to basic standards of neatness and cleanliness; and marked limitations in her ability to ask simple questions or request assistance, accept instructions and respond appropriately to criticism from supervisors, and get along with coworkers or peers without distracting them or exhibiting behavioral extremes. (A.R. 276.) With respect to adaptation, Dr. Cummings opined that plaintiff has: mild limitations in her ability to travel to unfamiliar places and use public transportation; and marked limitations in her ability to respond appropriately to changes in the work setting, be aware of normal hazards and take appropriate precautions, set realistic goals or make plans independently of others, and tolerate normal levels of stress. (A.R. 276.) Dr. Cummings further opined that plaintiff requires unscheduled breaks and would likely be absent from work four days per month as a result of her impairment and/or treatment for her impairment. (*Id.*)

On August 4, 2010, Dr. Cummings completed another Mental Residual Functional Capacity Questionnaire. (A.R. 504-09.) Dr. Cummings again diagnosed plaintiff with major depressive disorder and noted that he saw plaintiff approximately every three months. (A.R. 504.) Dr. Cummings noted that plaintiff suffers from anhedonia or pervasive loss of interest in almost all activities, decreased energy, emotional withdrawal or isolation, mood disturbance, psychomotor agitation, and sleep disturbance. (A.R. 505-06.) Dr. Cummings opined that plaintiff has similar limitations[4] as those found in his July 2009 Questionnaire.

---

[4] Although the limitations assessed in the Questionnaires are similar, there are some notable differences. For example, in the latter Questionnaire, in the category of understanding, Dr. Cummings opined that plaintiff has: marked limitations in her ability to remember locations and work-like procedures; moderate limitation in her ability to remember very short and simple instructions; and extreme limitations in her ability to understand and remember detailed instructions. (A.R. 507.) In the category of sustained concentration and persistence, Dr. Cummings opined that plaintiff has: moderate limitations in her ability to make simple work-related decisions and to work in coordination with or proximity to others without being distracted by them; and extreme limitations in her ability to carry out detailed instructions, complete a normal work-day and work-week without interruptions from psychologically-based symptoms, and

In his decision, the ALJ rejected the opinion of Dr. Cummings, as set forth in the Questionnaires, in favor of the opinions of examining psychiatrist Minh-Khoi Duong, M.D.[5] and State agency reviewing physician C. Dudley, M.D.,[6] because Dr. Cummings "did not support his opinion with any treatment record, progress notes, or objective medical evidence." (A.R. 32.)

The ALJ's sole reason for rejecting the opinion of Dr. Cummings is impermissibly conclusory. *See* Regennitter v. Comm'r of SSA, 166 F.3d 1294, 1299 (9th Cir. 1999)(noting that "conclusory reasons will not justify an ALJ's rejection of a medical opinion"); Embrey v. Bowen, 849 F.2d 418, 421–22 (9th Cir. 1988)("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required . . . . The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct."). Further, there are myriad treatment notes that may support Dr. Cummings' opinion. (*See, e.g.,* A.R. 631 (7/23/10 - major depressive disorder diagnosis with "target symptoms" of depression, anxiety, and insomnia; GAF score of 57,

---

perform at a consistent pace without an unreasonable number and length of rest periods. (*Id.*) In the category of social interaction, Dr. Cummings opined that plaintiff has moderate limitations in her ability to ask simple questions or request assistance and get along with coworkers or peers without distracting them or exhibiting behavioral extremes. Lastly, in the category of adaptation, Dr. Cummings opined that plaintiff has moderate limitations in her ability to be aware of normal hazards and take appropriate precautions.

[5] On July 8, 2009, Dr. Duong opined that:

[Plaintiff]'s ability to understand and carry out simple instructions is normal. [Plaintiff]'s ability to understand and carry out complex or detailed instructions is normal. [Plaintiff]'s ability to maintain focus and concentration required to do work related activities is normal. [Plaintiff]'s ability to relate to and interact with co-workers, colleagues, and supervisors is normal. [Plaintiff]'s ability to cope with work place stress is moderately limited. [Plaintiff]'s ability to deal with changes in a routine work setting is moderately limited. [Plaintiff]'s activities of daily living are normal.]

(A.R. 262.)

[6] Dr. Dudley opined that plaintiff was capable of simple repetitive tasks with appropriate concentration, persistence, and pace. (A.R. 291.)

7

indicating moderate symptoms); A.R. 632 (4/30/10 - same); A.R. (2/5/10 - symptoms include depression, anxiety, and insomnia; prescribed Cymbalta and Atarax); A.R. 636 (7/23/09 - "target symptoms" include depression; plaintiff continues to have occasional down days; prescribed Cymbalta and Atarax); A.R. 638-39 (2/2/09 - presenting symptoms include depressed mood and energy, insomnia and panic attacks; plaintiff has constricted affect; previous medications include Ambien and Prozac). Thus, as Dr. Cummings' treatment notes could support his assessment of plaintiff's limitations, the ALJ's rationale is not a specific and legitimate reason for rejecting Dr. Cummings' opinion.

Accordingly, the ALJ failed to properly reject the opinion of Dr. Cummings.[7]

## II. The ALJ Failed To Provide The Requisite Clear And Convincing Reasons For Rejecting Plaintiff's Subjective Pain Testimony.

Once a disability claimant produces objective medical evidence of an underlying impairment that is reasonably likely to be the source of claimant's subjective symptom(s), all subjective testimony as to the severity of the claimant's symptoms must be considered. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991); *see also* 20 C.F.R. §§ 404.1629(a), 416.929(a) (explaining how pain and other symptoms are evaluated). "[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each." Robbins, 466 F.3d at 883. The factors to be considered in weighing a claimant's credibility include: (1) the claimant's reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and her conduct; (3) the claimant's daily activities; (4) the claimant's work record; and (5) testimony from

---

[7] Although the Commissioner now offers other reasons to explain the ALJ's rejection of Dr. Cummings' opinion, the Court cannot entertain these post hoc rationalization. *See, e.g.,* Orn, 495 F.3d at 630 ("We review only the reasons provided by the ALJ in the disability determination and may not affirm on a ground upon which he did not rely").

physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains. *See* Thomas, 278 F.3d at 958-59; *see also* 20 C.F.R. §§ 404.1529(c), 416.929(c).

The ALJ cited no evidence of malingering by plaintiff, but concluded, "[a]fter careful consideration of the evidence, . . . [that plaintiff]'s medically determinable impairments could reasonably be expected to cause the alleged symptoms." (A.R. 31.) Further, the ALJ determined that plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible to the extent they are inconsistent with the above [RFC] assessment." (*Id.*) Given the absence of malingering, the ALJ's reasons for finding that plaintiff is not credible with respect to her subjective symptom testimony must be "clear and convincing."

The ALJ first rejected plaintiff's subjective symptom testimony based on his conclusion that there was little objective support for plaintiff's allegations of mental and physical limitations. (A.R. 31.) Assuming *arguendo* that the objective medical evidence did not corroborate the degree of plaintiff's allegedly disabling symptoms, this factor cannot form the "sole basis" for discounting plaintiff's subjective symptom testimony. Burch, 400 F.3d at 681; *see* Bunnell, 947 F.2d at 34 (noting that "[i]f an adjudicator could reject a claim of disability simply because a claimant fails to produce medical evidence supporting the severity of the pain, there would be no reason for an adjudicator to consider anything other than medical findings"). Accordingly, because the ALJ's first ground cannot, by itself, constitute a clear and convincing reason for discrediting plaintiff's testimony, the ALJ's credibility determination rises or falls with the ALJ's other ground for discrediting plaintiff.

Although not entirely clear, it appears that the ALJ also rejected plaintiff's subjective symptom testimony, because plaintiff stopped working for reasons other than her alleged disability. Specifically, in summarizing Dr. Duong's findings, the ALJ noted the following: "[plaintiff] admitted she was able to work during Christmas of 2008, but only stopped because

9

the job was seasonal." (A.R. 31.) When a claimant stops working for reasons other than disability, the ALJ may draw an adverse inference as to the credibility of her disability claim. *See* Brutton v. Massanari, 268 F.3d 824, 828 (9th Cir. 2001)(affirming the ALJ's adverse credibility determination based, in part, on the claimant's admission that he left his job due to a lay-off, rather than because he was injured). In view of the fact that plaintiff stopped working for a reason other than her alleged disability, the ALJ's reasoning may constitute a clear and convincing reason for finding plaintiff to be not credible.

However, as this case is being remanded for the ALJ to reconsider Dr. Cummings' opinion, which may support plaintiff's complaints and her alleged limitations, the ALJ should also reassess plaintiff's credibility. After so doing, the ALJ must either credit plaintiff's subjective symptom testimony or provide clear and convincing reasons why plaintiff's testimony in this respect is not credible.

### III. **Remand Is Required**.

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.* at 1179-81.

Remand is the appropriate remedy to allow the ALJ the opportunity to remedy the above-mentioned deficiencies and errors. *See* Bunnell, 336 F.3d at 1116 (affirming remand order based,

in part, on ALJ's failure to provide adequate reasons for rejecting claimant's treating physicians' opinions). On remand, the ALJ must correct the above-mentioned deficiencies and errors.

## CONCLUSION

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

DATED: December 18, 2013

*Margaret A. Nagle*
_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE